UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA HERNANDEZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LOYOLA MEDICAL GROUP-BERWYN, | ) | No. |
| LOYOLA MEDICAL GROUP RIVERSIDE | ) | |
| MULTISPECIALTY, CHICAGO HEALTH | ) | No. |
| MEDICAL GROUP, BERWYN FAMILY | ) | |
| MEDICINE, MPG-FAMILY AND SPORT | ) | Judge |
| MEDICINE, MACNEAL PHYSICIANS | ) | |
| GROUP, LLC, CHICAGO HEALTH | ) | Formerly Case No. 2021 L 002378 |
| PROVIDERS, DUPAGE MEDICAL | ) | Circuit Court of Cook County, Illinois |
| GROUP, RESURRECTION HEALTH | ) | |
| CARE, AMIT SHARMA, M.D., | ) | |
| LAWNDALE CHRISTIAN HEALTH | ) | |
| CENTER, GABRIELLE WILLIAMS | ) | |
| BARBER, M.D., JAMES B. MELIA, M.D., | ) | |
| and DAVID A. BUCHANAN, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:    Iris Y. Martinez                                James L. Bizzieri
       Clerk of the Circuit Court                      10258 S. Western Ave.
       Richard J. Daley Center, Room 1001              Suite 210
       50 West Washington Street                       Chicago, IL 60643
       Chicago, Illinois 60602                         jlbizzieri@bizzierilaw.com

The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern

District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1.     On March 10, 2021, plaintiff Laura Hernandez commenced the above civil action against Lawndale Christian Health Center, Dr. Gabrielle Williams Barber, Dr. David Buchanan and Dr. James B. Melia., and others, alleging medical malpractice.  A copy of the state court complaint is attached as Exhibit A.  For purposes of this lawsuit, Lawndale Christian Health Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.  Exhibit B.  In addition, Drs. Gabrielle Williams Barber, David Buchanan and James B. Melia were acting within the scope of their employment at Lawndale Christian Health Center with respect to the incidents referred to in the complaint.  *Id.*

2.     This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant Lawndale Christian Health Center was a private entity receiving grant money from the Public Health Service and that defendants Drs. Gabrielle Williams Barber, David Buchanan and James B. Melia were acting within the scope of their employment at Lawndale Christian Health Center with respect to the incidents referred to in the complaint.  Exhibit B.

3.     This notice of removal may be filed without bond at any time before trial.  42 U.S.C. § 233(c).  Trial has not yet been had in this action.

4.     Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendants Lawndale Christian Health Center, Dr. Gabrielle Williams Barber, Dr. David Buchanan and Dr. James B. Melia.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Lawndale Christian Health Center, Dr. Gabrielle Williams Barber, Dr. David Buchanan and Dr. James B. Melia.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Michael D. Claus
  MICHAEL D. CLAUS
  Assistant United States Attorney
  219 South Dearborn Street
  Chicago, Illinois 60604
  (312) 469-6021
  michael.claus@usdoj.gov

# EXHIBIT A

\* 5 0 0 6 6 1 0 5 \*

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons                                    (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

LAURA HERNANDEZ

_____

Plaintiff(s)

v.

LAWNDALE CHRISTIAN HEALTH
CENTER

_____

Defendant(s)

Registered Agent: Bruce Edward Miller 3760
W. Ogden, Chicago, IL 60623

_____

Address of Defendant(s)

Case No.  2021 L 2378  _____

Please serve as follows (check one): ☐ Certified Mail  ☒ Sheriff Service  ☐ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Summons - Alias Summons                                    * (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

Atty. No.: 45709

Pro Se 99500

Name: James L. Bizzieri

Atty. for (if applicable):

Plaintiff: Laura Hernandez

Address: 10258 S. Western Ave., Suite 210

City: Chicago

State: IL      Zip: 60643

Telephone: 773.881.9000

Primary Email: JLBIZZIERI@BIZZIERILAW.COM

Witness date _____

3/15/2021 12:49 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3

* 5 0 0 6 6 1 0 5 *

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION

**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

\* 5 0 0 6 6 1 3 9 \*

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

LAURA HERNANDEZ

_____

**Plaintiff(s)**

v.

JAMES B. MELIA, MD

Case No.  2021 L 2378

_____

**Defendant(s)**

3860 W. Ogden Ave.
Chicago, IL 60623

_____

**Address of Defendant(s)**

Please serve as follows (check one):  ○ Certified Mail  ● Sheriff Service  ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**Summons - Alias Summons** * (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 45709

◯ Pro Se 99500

Witness date _____

3/15/2021 12:49 PM IRIS Y. MARTINEZ

Name: James L. Bizzieri

Atty. for (if applicable): IRIS Y. MARTINEZ, Clerk of Court

Plaintiff: Laura Hernandez

☐ Service by Certified Mail _____

Address: 10258 S. Western Ave., Suite 210

☐ Date of Service: _____

City: Chicago (To be inserted by officer on copy left with employer or other person)

State: IL Zip: 60643

Telephone: 773.881.9000

Primary Email: JLBIZZIERI@BIZZIERILAW.COM

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Page 2 of 3

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
                OR
        ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:     (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

Civil Action Cover Sheet - Case Initiation    (12/01/20) CCL 0520    * 5 0 0 6 6 1 0 5 *

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

LAURA HERNANDEZ

v.

Loyola Medical Group - Berwyn, et al.

No.    2021L002378

## CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the
complaint in all civil actions. The information contained herein
is for administrative purposes only and cannot be introduced into
evidence. Please check the box in front of the appropriate case
type which best characterizes your action. Only one (1) case type
may be checked with this cover sheet.

Jury Demand  ☐ Yes  ☐ No

```
FILED
3/10/2021 3:21 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
12526208
```
(FILE STAMP)

### PERSONAL INJURY/WRONGFUL DEATH

CASE TYPES:
- ☐ 027  Motor Vehicle
- ☒ 040  Medical Malpractice
- ☐ 047  Asbestos
- ☐ 048  Dram Shop
- ☐ 049  Product Liability
- ☐ 051  Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- ☐ 052  Railroad/FELA
- ☐ 053  Pediatric Lead Exposure
- ☐ 061  Other Personal Injury/Wrongful Death
- ☐ 063  Intentional Tort
- ☐ 064  Miscellaneous Statutory Action
  (Please Specify Below**)
- ☐ 065  Premises Liability
- ☐ 078  Fen-phen/Redux Litigation
- ☐ 199  Silicone Implant

### TAX & MISCELLANEOUS REMEDIES

CASE TYPES:
- ☐ 007  Confessions of Judgment
- ☐ 008  Replevin
- ☐ 009  Tax
- ☐ 015  Condemnation
- ☐ 017  Detinue
- ☐ 029  Unemployment Compensation
- ☐ 031  Foreign Transcript
- ☐ 036  Administrative Review Action
- ☐ 085  Petition to Register Foreign Judgment
- ☐ 099  All Other Extraordinary Remedies

By: _____
     (Attorney)                    (Pro Se)

### COMMERCIAL LITIGATION

CASE TYPES:
- ☐ 002  Breach of Contract
- ☐ 070  Professional Malpractice
  (other than legal or medical)
- ☐ 071  Fraud (other than legal or medical)
- ☐ 072  Consumer Fraud
- ☐ 073  Breach of Warranty
- ☐ 074  Statutory Action
  (Please specify below.**)
- ☐ 075  Other Commercial Litigation
  (Please specify below.**)
- ☐ 076  Retaliatory Discharge

### OTHER ACTIONS

CASE TYPES:
- ☐ 062  Property Damage
- ☐ 066  Legal Malpractice
- ☐ 077  Libel/Slander
- ☐ 079  Petition for Qualified Orders
- ☐ 084  Petition to Issue Subpoena
- ☐ 100  Petition for Discovery

** _____
_____

Primary Email: JLBIZZIERI@BIZZIERILAW.COM

Secondary Email: _____

Tertiary Email: _____

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice
form the **Clerk's Office** for this case at this email address: _____

## IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

FILED
3/10/2021 3:21 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

LAURA HERNANDEZ,                                  )
                                                  )
    Plaintiff,                 )
                                                  )
    v.                         )      No. 2021L002378
                                                  )
LOYOLA MEDICAL GROUP –                            )
BERWYN, LOYOLA MEDICAL GROUP                      )
RIVERSIDE MULTISPECIALTY,                         )
CHICAGO HEALTH MEDICAL GROUP,                     )
BERWYN FAMILY MEDICINE, MPG -                     )
FAMILY AND SPORTS MEDICINE,                       )
MACNEAL PHYSICIANS GROUP, LLC,                    )
CHICAGO HEALTH PROVIDERS,                         )
DUPAGE MEDICAL GROUP,                             )
RESURECTION HEALTH CARE, AMIT                     )
SHARMA, MD, LAWNDALE                              )
CHRISTIAN HEALTH CENTER,                          )
GABRIELLE WILLIAMS BARBER, MD,                    )
JAMES B. MELIA, MD and DAVID A.                   )
BUCHANAN, MD,                                     )
                                                  )
    Defendants.               )

## COMPLAINT AT LAW

### COUNT I – NEGLIGENCE
### HERNANDEZ v. LOYOLA MEDICAL GROUP – BERWYN, LOYOLA MEDICAL GROUP RIVERSIDE MULTISPECIALTY, CHICAGO HEALTH MEDICAL GROUP, BERWYN FAMILY MEDICINE, FAMILY AND SPORTS MEDICINE, MACNEAL PHYSICIANS GROUP, LLC, CHICAGO HEALTH PROVIDERS, DUPAGE MEDICAL GROUP, RESURECTION HEALTH CARE, As Principal of Its Agent, AMIT SHARMA, MD

NOW COMES the Plaintiff, LAURA HERNANDEZ, by and through her attorneys, BIZZIERI LAW OFFICES, LLC, and for Count One of her Complaint at Law against defendants, LOYOLA MEDICAL GROUP - BERWYN, LOYOLA MEDICAL GROUP RIVERSIDE MULTISPECIALTY, CHICAGO HEALTH MEDICAL GROUP, BERWYN FAMILY MEDICINE, MPG - FAMILY AND SPORTS MEDICINE, MACNEAL PHYSICIANS GROUP, LLC, CHICAGO HEALTH PROVIDERS, DUPAGE MEDICAL GROUP, RESURECTION HEALTH CARE, pleading hypothetically and in the alternative, state as follows:

1.      On and before March 13, 2019, and all relevant times to this claim, Plaintiff, LAURA HERNANDEZ [hereinafter "LAURA"], resided in Cook County, Illinois.

2.      On and before March 13, 2019, defendants LOYOLA MEDICAL GROUP – BERWYN [hereinafter "LOYOLA - BERWYN"], LOYOLA MEDICAL GROUP RIVERSIDE MULTISPECIALTY [hereinafter "LOYOLA - RIVERSIDE"], CHICAGO HEALTH MEDICAL GROUP [hereinafter "CHMG"], BERWYN FAMILY MEDICINE [hereinafter "BFM"], MPG - FAMILY AND SPORTS MEDICINE [hereinafter "FSM"], MACNEAL PHYSICIANS GROUP, LLC [hereinafter "MPG"], CHICAGO HEALTH PROVIDERS [hereinafter "CHP"], DUPAGE MEDICAL GROUP [hereinafter "DMG"], RESURECTION HEALTH CARE [hereinafter "RHC"], were corporations engaged in the business of offering healthcare services in the State of Illinois, and they engaged on their staff various physicians, nurses, technicians, specialists and other personnel, including but not limited to defendant AMIT SHARMA, MD, [hereinafter "SHARMA"] to offer those healthcare services in a manner consistent with the applicable standard of care to avoid negligently causing injury to LAURA.

3.      On, before and after March 13, 2019, defendant SHARMA, practiced and/or resided in Cook County.

4.      On and before March 13, 2019, and at all times relevant to this claim, defendant SHARMA was a duly licensed and practicing physician in the State of Illinois, holding himself out as being trained and skilled as a family medicine specialist and was engaged in the practice of that profession in the County of Cook and State of Illinois.

5.      On and before March 13, 2019, LAWNDALE CHRISTIAN HEALTH CENTER, [hereinafter "LCHC"], was a professional corporation located in the State of Illinois, County of Cook, and was engaged in the business of offering healthcare services in the State of Illinois, and it engaged on its staff various physicians, nurses, technicians, specialists and other personnel, including but not limited to defendants, GABRIELLE WILLIAMS BARBER, MD [hereinafter "BARBER"], JAMES

* 5 0 0 6 6 1 0 5 *

B. MELIA, MD [hereinafter "MELIA"], and DAVID A. BUCHANAN, MD [hereinafter "BUCHANAN"], to offer those healthcare services in a manner consistent with the applicable standard of care to avoid negligently causing injury to LAURA.

6.      On, before and after March 13, 2019, defendant BARBER, practiced and/or resided in Cook County.

7.      On and before March 13, 2019, and at all times relevant to this claim, defendant BAARBER was a duly licensed and practicing physician in the State of Illinois, holding herself out as being trained and skilled in family medicine and was engaged in the practice of that profession in the County of Cook and State of Illinois.

8.      On, before and after March 13, 2019, defendant MELIA, practiced and/or resided in Cook County.

9.      On and before March 13, 2019, and at all times relevant to this claim, defendant MELIA was a duly licensed and practicing physician in the State of Illinois, holding himself out as being trained and skilled in family medicine and was engaged in the practice of that profession in the County of Cook and State of Illinois.

10.     On, before and after March 13, 2019, defendant BUCHANAN, practiced and/or resided in Cook County.

11.     On and before March 13, 2019, and at all times relevant to this claim, defendant BUCHANAN was a duly licensed and practicing physician in the State of Illinois, holding himself out as being trained and skilled in family medicine and was engaged in the practice of that profession in the County of Cook and State of Illinois.

12.     On and before March 13, 2019, and at all relevant times to this claim, defendant SHARMA was an actual or apparent agent of defendants LOYOLA – BERWYN, LOYOLA – RIVERSIDE, CHMG, BFM, FSM, MPG, CHP, DMG, and/or RHC and acting within the course of his agency.

3

* 5 0 0 6 6 1 0 5 *

13.     On and before March 13, 2019, and at all relevant times to this claim, defendant SHARMA was an employee of defendants LOYOLA – BERWYN, LOYOLA – RIVERSIDE, CHMG, BFM, FSM, MPG, CHP, DMG, and/or RHC, and acting within the course of his employment.

14.     On and before March 13, 2019, and at all relevant times to this claim, defendants BARBER, MELIA and BUCHANAN were actual or apparent agent(s) of defendant LCHC and acting within the course of their agency.

15.     On and before March 13, 2019, and at all relevant times to this claim, defendants BARBER, MELIA and BUCHANAN were employees of defendant LCHC and acting within the course of their employment.

16.     On and before March 13, 2019, and at all times relevant to this claim, defendants LOYOLA – BERWYN, LOYOLA – RIVERSIDE, CHMG, BFM, FSM, MPG, CHP, DMG, and/or RHC were retained and employed for the purpose of providing care and treatment to LAURA and they accepted such employment and thereafter rendered medical treatment to LAURA for a pecuniary consideration.

17.     On and before March 13, 2019, and at all times relevant to this claim, defendant SHARMA was retained and employed for the purpose of providing care and treatment to LAURA and he accepted such employment and thereafter rendered medical treatment to LAURA for a pecuniary consideration.

18.     On and before March 13, 2019, and at all times relevant to this claim, defendant LCHC was retained and employed for the purpose of providing care and treatment to LAURA and it accepted such employment and thereafter rendered medical treatment to LAURA for a pecuniary consideration.

19.     On and before March 13, 2019, and at all times relevant to this claim, defendants BARBER, MELIA and BUCHANAN were retained and employed for the purpose of providing care and treatment to LAURA and they accepted such employment and thereafter rendered medical treatment to LAURA for a pecuniary consideration.

20.     On and before March 13, 2019, and at all times relevant to this claim, LAURA entrusted her care to defendants LOYOLA – BERWYN, LOYOLA – RIVERSIDE, CHMG, BFM, FSM, MPG, CHP, DMG, and/or RHC and their agents and/or employees, including but not limited to defendant SHARMA.

21.     On and before March 13, 2019, and at all times relevant to this claim, LAURA entrusted her care to defendant SHARMA.

22.     On and before March 13, 2019, and at all times relevant to this claim, LAURA entrusted her care to defendant LCHC and its agents and/or employees, including but not limited to defendants BARBER, MELIA and BUCHANAN.

23.     On and before March 13, 2019, and at all times relevant to this claim, LAURA entrusted her care to defendant BARBER, MELIA and BUCHANAN.

24.     On and before March 13, 2019, and at all times relevant to this claim, LAURA underwent care and treatment at defendants LOYOLA – BERWYN, LOYOLA – RIVERSIDE, CHMG, BFM, FSM, MPG, CHP, DMG, and/or RHC by and through its agents and/or employees, including but not limited to, defendant SHARMA.

25.     On and before March 13, 2019, and at all times relevant to this claim, LAURA underwent care and treatment at defendant LCHC by and through its agents and/or employees, including but not limited to, defendants BARBER, MELIA and BUCHANAN.

26.     On and before March 13, 2019, and at all times relevant to this claim, LAURA underwent various physical exams and diagnostic tests.

27.     On March 8, 2019, LAURA underwent a fine needle biopsy of the Thyroid.

28.     On March 13, 2019, LAURA underwent a CT Scan of her abdomen and pelvis.

29.     On March 13, 2019, for the first time LAURA learned that she had stage IV metastatic renal cell carcinoma.

\* 5 0 0 6 6 1 0 5 \*

30.     On and before March 8, 2019, and at all relevant times thereafter, it was the duty of defendants LOYOLA – BERWYN, LOYOLA – RIVERSIDE, CHMG, BFM, FSM, MPG, CHP, DMG, and/or RHC, by and through its agents and/or employees, including but not limited to defendant, SHARMA, to provide reasonable medical care to its patients, including LAURA, and to exercise ordinary care in the operation of its business.

31.     On and before March 8, 2019, and at all relevant times thereafter, it was the duty of the defendant SHARMA to possess and apply the knowledge and use the skill and care ordinarily used by a reasonably careful family medicine specialist under the same or similar circumstances.

32.     On March 8, 2019, and at all relevant times thereafter, it was the duty of defendant LCHC, by and through its agents and/or employees, including but not limited to defendants, BARBER, MELIA and BUCHANAN to provide reasonable medical care to its patients, including LAURA, and to exercise ordinary care in the operation of its business.

33.     On and before March 8, 2019, and at all relevant times thereafter, it was the duty of the defendants BARBER, MELIA and/or BUCHANAN to possess and apply the knowledge and use the skill and care ordinarily used by a reasonably careful family medicine specialist under the same or similar circumstances.

34.     On and before March 8, 2019, and all relevant times thereafter, defendants LOYOLA – BERWYN, LOYOLA – RIVERSIDE, CHMG, BFM, FSM, MPG, CHP, DMG, and/or RHC, by and through its agents and/or employees, including but not limited to defendant, SHARMA, was then and there guilty of one or more of the following negligent acts and/or omissions:

(a)     Failed to properly diagnose the existence of a thyroid mass;

(b)     Failed to properly order testing of LAURA's thyroid;

(c)     Failed to follow-up with LAURA after a diagnosis of thyroidmegaly and a normal TSH level;

(d)     Failed to properly diagnose the existence of renal cell carcinoma.

6

(e)    Failed to appreciate LAURA's symptomology of anemia, high blood pressure and frequent urination.

(f)    Failed to monitor LAURA's symptomology of anemia, high blood pressure and frequent urination.

(g)    Failed to properly care for and treat LAURA;

(h)    Failed to refer LAURA for additional diagnostic testing, including but not limited an ultrasound, CT Scan and/or a biopsy;

(i)    Failed to appreciate the importance of additional diagnostic testing being conducted on a stat basis; and

(j)    Was otherwise careless and negligent.

35.    As a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendants LOYOLA – BERWYN, LOYOLA – RIVERSIDE, CHMG, BFM, FSM, MPG, CHP, DMG, and/or RHC, LAURA then and there sustained severe and permanent injuries, required extensive and otherwise unnecessary medical intervention and treatment, suffered great pain and emotional anguish, was unable to perform her normal activities of everyday life, incurred great medical expenses and costs and was otherwise injured and harmed.

WHEREFORE, Plaintiff, LAURA HERNANDEZ, demands judgment against defendant, LOYOLA MEDICAL GROUP – BERWYN, LOYOLA MEDICAL GROUP RIVERSIDE MULTISPECIALTY, CHICAGO HEALTH MEDICAL GROUP, BERWYN FAMILY MEDICINE, MPG - FAMILY AND SPORTS MEDICINE, MACNEAL PHYSICIANS GROUP, LLC, CHICAGO HEALTH PROVIDERS, DUPAGE MEDICAL GROUP, RESURECTION HEALTH CARE, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs.

## COUNT II – NEGLIGENCE
## HERNANDEZ v. AMIT SHARMA, MD

NOW COMES the Plaintiff, LAURA HERNANDEZ, by and through her attorneys, BIZZIERI LAW OFFICES, LLC, and for Count Two of her Complaint at Law against defendant, AMIT SHARMA, MD, pleading hypothetically and in the alternative, state as follows:

* 5 0 0 6 6 1 0 5 *

1-33.   Plaintiff adopts and re-alleges Paragraphs One (1) through Thirty-Three (33) of Count

One of this Complaint at Law as Paragraphs One (1) through Thirty-Three (33) inclusive of this Count

Two, as though fully set forth herein.

34.   On and before March 8, 2019, and all relevant times thereafter, defendant SHARMA,

was then and there guilty of one or more of the following negligent acts and/or omissions:

(a)   Failed to properly diagnose the existence of a thyroid mass;

(b)   Failed to properly order testing of LAURA's thyroid;

(c)   Failed to follow-up with LAURA after a diagnosis of thyroidmegaly and a normal TSH level;

(d)   Failed to properly diagnose the existence of renal cell carcinoma.

(e)   Failed to appreciate LAURA's symptomology of anemia, high blood pressure and frequent urination.

(f)   Failed to monitor LAURA's symptomology of anemia, high blood pressure and frequent urination.

(g)   Failed to properly care for and treat LAURA;

(h)   Failed to refer LAURA for additional diagnostic testing, including but not limited an ultrasound, CT Scan and/or a biopsy;

(i)   Failed to appreciate the importance of additional diagnostic testing being conducted on a stat basis; and

(j)   Was otherwise careless and negligent.

35.   As a direct and proximate result of one or more of the aforesaid acts and/or omissions

of defendant SHARMA, LAURA then and there sustained severe and permanent injuries, required

extensive and otherwise unnecessary medical intervention and treatment, suffered great pain and

emotional anguish, was unable to perform her normal activities of everyday life, incurred great

medical expenses and costs and was otherwise injured and harmed.

* 5 0 0 6 6 1 0 5 *

WHEREFORE, Plaintiff, LAURA HERNANDEZ, demands judgment against defendant, AMIT SHARMA, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs.

### COUNT III– NEGLIGENCE
### HERNANDEZ v. LAWNDALE CHRISTIAN HEALTH CENTER
### As Principal of Its Agents, GABRIELLE WILLIAMS BARBER, MD,
### JAMES B. MELIA, MD and DAVID A. BUCHANAN, MD

NOW COMES the Plaintiff, LAURA HERNANDEZ, by and through her attorneys, BIZZIERI LAW OFFICES, LLC, and for Count Three of her Complaint at Law against defendant, LAWNDALE CHRISTIAN HEALTH CENTER, pleading hypothetically and in the alternative, state as follows:

1-33.    Plaintiff adopts and re-alleges Paragraphs One (1) through Thirty-Three (33) of Count One of this Complaint at Law as Paragraphs One (1) through Thirty-Three (33) inclusive of this Count Three, as though fully set forth herein.

34.    On and before March 8, 2019, and all relevant times thereafter, defendant LCHC, by and through its agents and/or employees, including but not limited to defendant, LCHC, was then and there guilty of one or more of the following negligent acts and/or omissions:

      (a)    Failed to properly diagnose the existence of a thyroid mass;

      (b)    Failed to properly order testing of LAURA's thyroid;

      (c)    Failed to follow-up with LAURA after a diagnosis of thyroidmegaly and a normal TSH level;

      (d)    Failed to properly diagnose the existence of renal cell carcinoma.

      (e)    Failed to appreciate LAURA's symptomology of anemia, high blood pressure and frequent urination.

      (f)    Failed to monitor LAURA's symptomology of anemia, high blood pressure and frequent urination.

      (g)    Failed to properly care for and treat LAURA;

      (h)    Failed to refer LAURA for additional diagnostic testing, including but

not limited an ultrasound, CT Scan and/or a biopsy;

(i)    Failed to appreciate the importance of additional diagnostic testing being conducted on a stat basis; and

(j)    Was otherwise careless and negligent.

35.    As a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant LCHC, LAURA then and there sustained severe and permanent injuries, required extensive and otherwise unnecessary medical intervention and treatment, suffered great pain and emotional anguish, was unable to perform her normal activities of everyday life, incurred great medical expenses and costs and was otherwise injured and harmed.

WHEREFORE, Plaintiff, LAURA HERNANDEZ, demands judgment against defendant, LAWNDALE CHRISTIAN HEALTH CENTER, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs.

## COUNT IV– NEGLIGENCE
## HERNANDEZ v. GABRIELLE WILLIAMS BARBER, MD

NOW COMES the Plaintiff, LAURA HERNANDEZ, by and through her attorneys, BIZZIERI LAW OFFICES, LLC, and for Count Four of her Complaint at Law against defendant, GABRIELLE WILLIAMS BARBER, MD pleading hypothetically and in the alternative, state as follows:

1-33.    Plaintiff adopts and re-alleges Paragraphs One (1) through Thirty-Three (33) of Count Four of this Complaint at Law as Paragraphs One (1) through Thirty-Three (33) inclusive of this Count Four, as though fully set forth herein.

34.    On and before March 8, 2019, and all relevant times thereafter, defendant BARBER, was then and there guilty of one or more of the following negligent acts and/or omissions:

(a)    Failed to properly diagnose the existence of a thyroid mass;

(b)    Failed to properly order testing of LAURA's thyroid;

(c)    Failed to follow-up with LAURA after a diagnosis of thyroidmegaly and

10

a normal TSH level;

(d)     Failed to properly diagnose the existence of renal cell carcinoma.

(e)     Failed to appreciate LAURA's symptomology of anemia, high blood pressure and frequent urination.

(f)     Failed to monitor LAURA's symptomology of anemia, high blood pressure and frequent urination.

(g)     Failed to properly care for and treat LAURA;

(h)     Failed to refer LAURA for additional diagnostic testing, including but not limited an ultrasound, CT Scan and/or a biopsy;

(i)     Failed to appreciate the importance of additional diagnostic testing being conducted on a stat basis; and

(j)     Was otherwise careless and negligent.

35.     As a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant BARBER, LAURA then and there sustained severe and permanent injuries, required extensive and otherwise unnecessary medical intervention and treatment, suffered great pain and emotional anguish, was unable to perform her normal activities of everyday life, incurred great medical expenses and costs and was otherwise injured and harmed.

WHEREFORE, Plaintiff, LAURA HERNANDEZ, demands judgment against defendant, GABRIELLE WILLIAMS BARBER, MD, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs.

## COUNT V – NEGLIGENCE
## HERNANDEZ v. JAMES B. MELIA, MD

NOW COMES the Plaintiff, LAURA HERNANDEZ, by and through her attorneys, BIZZIERI LAW OFFICES, LLC, and for Count Five of her Complaint at Law against defendant, JAMES B. MELIA, MD pleading hypothetically and in the alternative, state as follows:

1-33.    Plaintiff adopts and re-alleges Paragraphs One (1) through Thirty-Three (33) of Count

Four of this Complaint at Law as Paragraphs One (1) through Thirty-Three (33) inclusive of this

Count Five, as though fully set forth herein.

34.    On and before March 8, 2019, and all relevant times thereafter, defendant MELIA, was

then and there guilty of one or more of the following negligent acts and/or omissions:

      (a)    Failed to properly diagnose the existence of a thyroid mass;

      (b)    Failed to properly order testing of LAURA's thyroid;

      (c)    Failed to follow-up with LAURA after a diagnosis of thyroidmegaly and a normal TSH level;

      (d)    Failed to properly diagnose the existence of renal cell carcinoma.

      (e)    Failed to appreciate LAURA's symptomology of anemia, high blood pressure and frequent urination.

      (f)    Failed to monitor LAURA's symptomology of anemia, high blood pressure and frequent urination.

      (g)    Failed to properly care for and treat LAURA;

      (h)    Failed to refer LAURA for additional diagnostic testing, including but not limited an ultrasound, CT Scan and/or a biopsy;

      (i)    Failed to appreciate the importance of additional diagnostic testing being conducted on a stat basis; and

      (j)    Was otherwise careless and negligent.

35.    As a direct and proximate result of one or more of the aforesaid acts and/or omissions

of defendant MELIA, LAURA then and there sustained severe and permanent injuries, required

extensive and otherwise unnecessary medical intervention and treatment, suffered great pain and

emotional anguish, was unable to perform her normal activities of everyday life, incurred great

medical expenses and costs and was otherwise injured and harmed.

WHEREFORE, Plaintiff, LAURA HERNANDEZ, demands judgment against defendant, JAMES B. MELIA, MD, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs.

## COUNT VI– NEGLIGENCE
## HERNANDEZ v. DAVID A. BUCHANAN, MD

NOW COMES the Plaintiff, LAURA HERNANDEZ, by and through her attorneys, BIZZIERI LAW OFFICES, LLC, and for Count Six of her Complaint at Law against defendant, DAVID A. BUCHANAN, MD pleading hypothetically and in the alternative, state as follows:

1-33.    Plaintiff adopts and re-alleges Paragraphs One (1) through Thirty-Three (33) of Count Four of this Complaint at Law as Paragraphs One (1) through Thirty-Three (33) inclusive of this Count Six, as though fully set forth herein.

34.    On and before March 8, 2019, and all relevant times thereafter, defendant BUCHANAN, was then and there guilty of one or more of the following negligent acts and/or omissions:

(a)    Failed to properly diagnose the existence of a thyroid mass;

(b)    Failed to properly order testing of LAURA's thyroid;

(c)    Failed to follow-up with LAURA after a diagnosis of thyroidmegaly and a normal TSH level;

(d)    Failed to properly diagnose the existence of renal cell carcinoma.

(e)    Failed to appreciate LAURA's symptomology of anemia, high blood pressure and frequent urination.

(f)    Failed to monitor LAURA's symptomology of anemia, high blood pressure and frequent urination.

(g)    Failed to properly care for and treat LAURA;

(h)    Failed to refer LAURA for additional diagnostic testing, including but not limited an ultrasound, CT Scan and/or a biopsy;

(i)    Failed to appreciate the importance of additional diagnostic testing being conducted on a stat basis; and

(j)    Was otherwise careless and negligent.

13

* 5 0 0 6 6 1 0 5 *

35.     As a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant BUCHANAN, LAURA then and there sustained severe and permanent injuries, required extensive and otherwise unnecessary medical intervention and treatment, suffered great pain and emotional anguish, was unable to perform her normal activities of everyday life, incurred great medical expenses and costs and was otherwise injured and harmed.

WHEREFORE, Plaintiff, LAURA HERNANDEZ, demands judgment against defendant, DAVID A. BUCHANAN, MD, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs.

Respectfully submitted,

BIZZIERI LAW OFFICES, LLC

By: _____
        James L. Bizzieri

BIZZIERI LAW OFFICES, LLC
10258 S. WESTERN AVE., STE. 210
CHICAGO, IL 60643
T: 773.881.9000
F: 773.881.9009
#45709

14

* 5 0 0 6 6 1 0 5 *

FILED DATE: 3/10/2021 3:21 PM    2021L002378

FILED
3/10/2021 3:21 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
12526208

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

LAURA HERNANDEZ,                              )
                                             )
            Plaintiff,                        )
                                             )
      v.                                      )   No. 2021L002378
                                             )
LOYOLA MEDICAL GROUP – BERWYN,                )
LOYOLA MEDICAL GROUP RIVERSIDE                )
MULTISPECIALTY, CHICAGO HEALTH                )
MEDICAL GROUP, BERWYN FAMILY                  )
MEDICINE, MPG -FAMILY AND SPORTS              )
MEDICINE, MACNEAL PHYSICIANS                  )
GROUP, LLC, CHICAGO HEALTH                    )
PROVIDERS, DUPAGE MEDICAL                     )
GROUP, RESURECTION HEALTH CARE,               )
AMIT SHARMA, MD, LAWNDALE                     )
CHRISTIAN HEALTH CENTER,                      )
GABRIELLE WILLIAMS BARBER, MD,                )
JAMES B. MELIA, MD and DAVID A.               )
BUCHANAN, MD,                                 )
                                             )
            Defendants.                       )

AFFIDAVIT PURSUANT TO
ILLINOIS SUPREME COURT RULE 222

I, JAMES L. BIZZIERI, under oath and subject to the penalties of perjury, depose and state that

the damages sought in this cause exceed the sum of FIFTY THOUSAND DOLLARS ($50,000.00).

Pursuant to 735 ILCS 5/1-109, the undersigned certifies that the foregoing Affidavit is true and

correct based upon the personal knowledge of the undersigned.

BIZZIERI LAW OFFICES, LLC

By: _____
                James L. Bizzieri

BIZZIERI LAW OFFICES, LLC
10258 S. WESTERN AVE., STE. 210
CHICAGO, IL 60643
T: 773.881.9000
F: 773.881.9009
#45709

15

* 5 0 0 6 6 1 0 5 *

FILED DATE: 3/10/2021 3:21 PM 2021L002378

FILED
3/10/2021 3:21 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
12526208

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

LAURA HERNANDEZ,                    )
                                    )
              Plaintiff,            )
                                    )
       v.                           )       No.    2021L002378
                                    )
LOYOLA MEDICAL GROUP –              )
BERWYN, LOYOLA MEDICAL              )
GROUP RIVERSIDE                     )
MULTISPECIALTY, CHICAGO             )
HEALTH MEDICAL GROUP,               )
BERWYN FAMILY MEDICINE, MPG -       )
FAMILY AND SPORTS MEDICINE,         )
MACNEAL PHYSICIANS GROUP,           )
LLC, CHICAGO HEALTH                 )
PROVIDERS, DUPAGE MEDICAL           )
GROUP, RESURECTION HEALTH           )
CARE, AMIT SHARMA, MD,              )
LAWNDALE CHRISTIAN HEALTH           )
CENTER, GABRIELLE WILLIAMS          )
BARBER, MD, JAMES B. MELIA, MD      )
and DAVID A. BUCHANAN, MD,          )
                                    )
              Defendants.           )

**AFFIDAVIT**

The affiant, JAMES L. BIZZIERI, being first duly sworn upon his oath, deposes and swears

as follows:

1.      I have been unable to obtain the requisite consultation with a physician and surgeon

licensed to practice medicine in all of its branches because the applicable statute of limitations

would impair the action and the consultation required could not be obtained before the expiration

of the statute of limitations, which may expire as early as March 13, 2021.

2.      I have been unable to gain compliance from relevant medical providers, including but

not limited to, the above-named defendants, with respect to our medical records requests to obtain

full and complete sets of medical records and bills.

16

\* 5 0 0 6 6 1 0 5 \*

3. This Affidavit is provided pursuant to 735 ILCS 5/2-622(a)(2).

FURTHER AFFIANT SAYETH NAUGHT.

BIZZIERI LAW OFFICES, LLC

By: _____
James L. Bizzieri

SUBSCRIBED AND SWORN to before me
this 10th day of March , 2021

_____
Notary Public

```
Official Seal
Jessica A Piunti
Notary Public State of Illinois
My Commission Expires 07/09/2022
```

17

# EXHIBIT B